IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

    Petitioner,

v.                                                                                                                                    No. 21-cv-00106-KWR-GBW

R SAAVEDRA,

    Respondent.

## ORDER OF DISMISSAL

**THIS MATTER** is before the Court on Myrtis Paulo Hart's failure to file a show-cause response regarding mootness. Hart filed a *pro se* Letter Regarding Good Time Credits (Doc. 1) (Letter-Petition) on February 8, 2021. The Letter-Petition challenges the Northwest New Mexico Correctional Center's computation of Petitioner's good-time credits. (Doc. 1 at 1). The Court construes the Letter-Petition as a habeas challenge under 28 U.S.C. § 2241. *See Yellowbear v. Wy. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle for . . . attacking the execution of a sentence."); *Warren v. United States*, 707 F. App'x 509, 511 n.4 (10th Cir. 2017) ("If … a prisoner seeks to challenge … deprivation of good-time credits …, that claim must be raised in a § 2241 application").

The New Mexico Corrections Department inmate locator website reflects that Hart was released from prison after filing the Letter-Petition. *See* https://search.cd.nm.gov/. It appears Hart "no longer suffers a redressable injury," and the Letter-Petition is moot. (Doc. 4); *see also United States v. Fields*, 823 Fed. App'x 587, 589 (10th Cir. 2020) (addressing mootness under § 2241 following release from custody). As the Tenth Circuit explained:

> [Courts] cannot modify his sentence now that it has been completed. And we are not allowed to give [petitioners] a judicial make-up call [under § 2241] by shortening his supervised release term… [T]he best this court could do for him would be to declare that he spent longer in prison than he should have.

*Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012).

By an Order entered March 28, 2021 (Doc. 4), the Court directed Hart to show cause within thirty days why the Letter-Petition should not be dismissed as moot, following his release from prison. Hart was warned that the failure to timely respond will result in dismissal without further notice. The deadline to file a show-cause response was April 27, 2021. Hart did not respond, and the Order was returned as undeliverable after he severed contact with the Court. Accordingly, the Court will dismiss the Letter-Petition as moot.

**IT IS ORDERED** that Myrtis Paulo Hart's Letter-Petition Regarding Good Time Credits (**Doc. 1**) is **DISMISSED AS MOOT.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**